Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

Galveston Division

United States Courts
Southern District of Texas
FILED

DEC 2 8 2018

David J. Bradley, Clerk of Court

)
)  Case No. _____
)
)      *(to be filled in by the Clerk's Office)*
)
)
)
)
)
)

Jamie Lee Coker

_____
Plaintiff(s)
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

Dennis C. Gore   "see attached"

_____
Defendant(s)
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## Defendants

Brian Collier

Lorie Davis

Olugbenga Ojo

Don C. Bosco

Melveric Player

Officer Kimbrough

John Doe (Kimbrough's partner)

Donald E. Muntz

Marcus E. Hinkle

Norris D. Jackson

Cheryld K. Egan

University of Texas Medical Branch at Galveston, Texas

Texas Department of Criminal Justice

# I.   The Parties to This Complaint

## A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name: Jamie Lee Coker

All other names by which you have been known:

ID Number: 1782357

Current Institution: Michael Unit

Address: 2664 FM 2054
Tennessee Colony   Texas   75886
*City*   *State*   *Zip Code*

## B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name: Brian Collier

Job or Title *(if known)*: Executive Director of Texas Dept. of Corrections

Shield Number:

Employer: Texas Department of Criminal Justice

Address: P.O. Box 99
Huntsville   Texas   77342 - 0099
*City*   *State*   *Zip Code*

☑ Individual capacity   ☑ Official capacity

Defendant No. 2

Name: Lorie Davis

Job or Title *(if known)*: Director of Correctional Institutions Division

Shield Number:

Employer: Texas Department of Criminal Justice

Address: P.O. Box 99
Huntsville   Texas   77342
*City*   *State*   *Zip Code*

☑ Individual capacity   ☑ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name           Olugbenga Ojo
    Job or Title *(if known)*   Hospital Administrator
    Shield Number
    Employer        University of Texas Medical Branch, Galveston
    Address         301 University Boulevard
               Galveston      Texas      77550
                      *City*           *State*      *Zip Code*
               [✓] Individual capacity    [✓] Official capacity

Defendant No. 4
    Name           Dennis C. Gore
    Job or Title *(if known)*   Medical Doctor
    Shield Number
    Employer        University of Texas Medical Branch, Galveston
    Address         301 University Boulevard
               Galveston      Texas      77550
                      *City*           *State*      *Zip Code*
               [✓] Individual capacity    [✓] Official capacity

## II.    Basis for Jurisdiction

*"See Attached"*

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

         [ ] Federal officials (a *Bivens* claim)

         [✓] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Eighth and Fourteenth Amendments of the United States Constitution.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

I. B.

Defendant No. 5
Name — Don C. Bosco
Job or title (if known) — Warden of Galveston Hospital
Shield Number
Employer — Texas Department of Criminal Justice
Address — Galveston | Texas | 77550
City | State | Zip Code
[✓] Individual capacity   [✓] Official capacity

Defendant No. 6
Name — Melveric A. Player
Job or title (if known) — Correctional Officer V.
Shield Number
Employer — Texas Department of Criminal Justice
Address — Galveston | Texas | 77550
City | State | Zip Code
[✓] Individual capacity   [✓] Official capacity

Defendant No. 7
Name — Officer Kimbrough
Job title (if known)
Shield Number
Employer — Texas Department of Criminal Justice
Address — Galveston | Texas | 77550
City | State | Zip Code
[✓] Individual capacity   [✓] Official capacity

Defendant No. 8
Name — John Doe (Officer Kimbrough's Partner)
Job title (if known)
Shield Number
Employer — Texas Department of Criminal Justice
Address — Galveston | Texas | 77550
City | State | Zip Code
[✓] Individual capacity   [✓] Official capacity

Defendant No. 9

Name — Donald E. Muntz

Job or title (if known) — Warden of Wayne Scott Unit

Shield Number

Employer — Texas Department of Criminal Justice

Address — Angleton            Texas            77515

         CITY            STATE            ZIP CODE

☑ Individual capacity   ☑ Official capacity

Defendant No. 10

Name — Marcus E. Hinkle

Job title (if known) — Medical Doctor at Wayne Scott

Shield Number

Employer — Texas Department of Criminal Justice

Address — Angleton            Texas            77515

         CITY            State            Zip Code

☑ Individual capacity   ☑ Official capacity

Defendant No. 11

Name — Norris D. Jackson

Job title (if known) — Warden of Beto Unit

Shield Number

Employer — Texas Department of Criminal Justice

Address — Tennessee Colony            Texas            75880

         City            State            Zip Code

☑ Individual capacity   ☑ Official capacity

Defendant No. 12

Name — Cheryld K. Egan

Job title (if known) — P.A. and Medical Provider at Beto Unit

Shield Number

Employer — Texas Department of Criminal Justice

Address — Tennessee Colony            Texas            75880

         City            State            Zip Code

☑ Individual capacity   ☑ Official capacity

Defendant No. 13
 Name              University of Texas Medical Branch

 Address           301 University Boulevard
                   Galveston, Texas    77550


Defendant No. 14
 Name              Texas Department of Criminal Justice

 Address           P. O. Box 99
                   Huntsville, Texas 77342

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

1. Brian Collier- Executive Director of Texas Department of Criminal Justice employed by the State of Texas and is reponsible for all persons employed or contracted to provide services for Texas Department of Corrections working under both State and Federal Law that violated my rights of the 8th and 14th Amendments of the United States Constitution.   (see attached page)

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

UTMB Hospital Galveston, Galveston, Texas on 2-7, 2-8, And 5-4, 2017

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

Wayne Scott Unit on 12-2-16 and 2-22-17, Beto Unit on 5-20-17

II. D.

2. Lorie Davis Administrative Director of the Institutional Division of Texas Department of Criminal Justice working under both State and Federal Law who is reponsible for these Institutions to follow Administrative Directives, Policies, and Rules set by Texas Department of Corrections that violated my Constitutional Rights of the 8th and 14th Amendments as guaranteed by the Constitution of the United States.

3. Dr. Olugbenga Ojo Hospital Administrator contracted by T.D.C.J. to provide medical care to incarcerated inmates and who is reponsible for all Doctors that provide this service at U.T.M.B. Galveston Hospital working under both State and Federal Law who violated my 8th and 14th Amendments of the U.S.C.

4. Dennis C. Gore M.D. contracted by T.D.C. working under State and Federal Law who violated my 8th Amendment Right of the United States Constitution denying me medical care for a serious medical need that caused further injuries.

5. Don C. Bosco-Warden at Galveston Hospital working under both State and Federal Law and is reponsible those employed who violated my 8th and 14th Amendment Rights guaranteed by the United States Constitution.

6. Melveric A. Player Correctional Officer V working under State and Federal Law for T.D.C.J. who violated my 8th Amendment Right to Medical Care for a serious medical need as stated in the United States Constitution.

7. Officer Kimbrough Correctional Officer (Transportation) working under both State and Federal Law who violated my 8th Amendment Right to be free from cruel and unusual punishment stated in the United States Constitution.

8. Officer John Doe (Partner to Officer Kimbrough) working under State and Federal Law who violated my 8th Amendment Right of the U.S. Constitution

9. Donald E. Muntz Warden at Wayne Scott Unit working under both State and Federal Law for T.D.C.J. and is responsible for those who violated my 8th and 14th Amendment Rights guaranteed by the United States Const.

10. Marcus E. Hinkle M.D. and my Medical Provider at Wayne Scott Unit who working under both State and Federal Law violated my 8th and 14th amendments.

11. Norris D. Jackson-Warden at the Beto Unit working under State and Federal Law reponsible for those who violated my 8th and 14th Amendments of the U.S. Const.

12. C.K. Egan P.A. and my Medical Provider at Beto working under both State and Federal Law who violated my 8th and 14th Amendments of the U.S. Const.

13. U.T.M.B. Galveston violated the 8th and 14th Amendments of the U.S. Const.

14. T.D.C.J. violated the 8th and 14th Amendments of the U.S. Const.

IV D.

the next day 2-8-17 when I made a direct request to (Christopher Ryan Thompson) member of the surgerical team). I had a sharp pain in my surgerical site, constapated going on now for 2 days in which I had informed them about before the operation but now with 27 staples hold-ing my stomach together and without the Doctors approval I could not get my medication to solve this problem. At noon correctional officer (Melveric A. Player) said I had been discharg-ed and was going back to my unit. I protested saying I wasn't leaving until I saw my Doctor. He said my Doctor was the one who discharged me and threatened to gas me if I didn't comply with his direct order to leave. I was shipped in extreme pain and discomfort with problems in my surgerical site, constapated, with nothing for pain for an 8 hour bus ride back to Wayne Scott my Unit. Several I-60 requests to see my Unit Doctor (Marcus E. Hinkle) also my medical provider between 2-16-17 thru 3-8-17 were denied for an obvious infected stomach that was caused by surgerical clips lost and/or dropped into my surgerical site documented by X-rays took on 3-6-17 and later by a CT Scan on 4-19-17, (this information was withheld and I was told everything was normal). 3-9-17 Appointment with dentist (Nicholas J. Russo) who I told about the infection and being denied access to the Doctor; he looked at it, told me not to leave, and went for Dr. Hinkle who examined me in the dentist area and said it was indeed infected. After 30 shots of Cefazolin (Antibotic) 2½ cc's injected into my stomach 3 times a day for 10 days that failed to correct this infection; (a bacterial infection called Cellulitis that can infect your blood, cause tissue death, loss of body parts, blindness, infect your brian, and even death). Several I-60's stating my condition; stomach swollen, ruby red color, pain, and pleading to be sent back to U.T.MB Galveston Hospital. 57 days later being shipped 6 times in this condition given nothing for pain and both doctors; Marcus Hinkle and Dennis C. Gore; knew what was wrong by X ray on 3-6-17 and CT Scan on 4-19-17 and both lied and said nothing seems abnormal. This condition was corrected on 5-2-17. On 5-3-17 I was told by Christopher Ryan Thompson that a staple (surgerical chip) was found in my surgerical site. Being discharged on 5-4-17 I was assaulted by Officer Kimbrough in the loading area that tore my open wound – (due to the cellulitis infection I had an open wound that has to heal from the inside out measuring after this assault 8.5 x 2.5 x 2.5 cm.) Handcuffed, in a hospital gown and socks with an open wound that I told this Officer about before the assault while in a wheel chair that this Officer recklessly, maliciously, and sadistically tried to throw me out of by shaking the chair back and forth then running the chair very fast and coming to an abrupt stop then repeating this process several times. After this finally stopped my gown was soaked with blood. I stated that I hurt and needed a doctor in which the Ambulance Driver called for that I thought was the doctor but only 2 nurses came and I told them I was in pain and needed the doctor they left and returned with supplies to rebandage my wound and help me dress and was told to get on the Ambulance and was shipped in extreme pain in this condition, not being allowed access to a doctor for an eight hour Ambulance ride to 2 different Units (Beto and Michael) then taken to the Estelle Unit arriving on 5-5-17 where the measurement above was taken and Grievance #2017135393 was wrote on Officer Kimbrough attached to this suit.

(cont.)

IV. D.

5-11-17 Left the Estelle Unit and shipped to the Beto Unit and put in the care of my new provider Cheryld K. Egan. Put in several I-60 requests to see my provider to get my medic- -ations that I was getting before and was denied access to communicate with my medical provider (C. K. Egan) and wrote Grievance # 2017141142 attached to this suit. These were medications and directions prescribed by UTMB Galveston Hospital that included restrictions especially made after my discharge. I was told that my provider was too busy and her time would not and could not be wasted. I wrote this in my grievance that she was too busy and we (inmates) were being neglected because she was taking care of 3 other Units, this was wrote on 5-20-17 and 2 days later on 5-22-17 I was put in G-4 population with this open wound that had to be cleaned and flushed twice a day and my restrictions were taken away (ground floor, lower bunk, limited standing, no lifting, no bending. (Lower bunk and no lifting were orders from Hospital Galveston made due to this operation. On 5-23-17 appointment with Dr. Haque to get my medications approved and he stated that I shouldn't be in population with an open incision. 5-24-17 Ignoring my condition I was assigned a Top Bunk on M wing #119 and not corrected until 5-27-17 due to this obvious abuse and retaliation This is the basis of my lawsuit. I apologize for its length for I had to make certain points about the time it took to get recognition of the problem and the pain that exsisted, the delays to get treatment of an obvious infection that needed immediate attention, and the injuries that resulted by these denials and delays by not providing appropriate medical care that they knew was needed to correct their mistake that caused unnecessary pain and discomfort that could have been avoided if I had been listened to as a human being instead of being treated like a prisoner with no rights to follow a policy that has no tolerance for mistakes or to investigate a request for help by someone in pain.

## V. Injuries

by Nicholas J. Russo (dentist at the Wayne Scott Unit) who requested the doctor to examine me in the dentist area of the obvious infection, (due to surgerical clips dropped into my surgerical site on 2-7-17) Received Cefazolin 2½cc shots injected into stomach 3 times a day for 10 days. X-rays took on 3-6-17 showed surgerical clips but denied immediate medical attention to correct this mistake and infection until 5-2-17 being given nothing for pain. Injury to open wound due to assault on 5-4-17 and denied request for a doctor in extreme pain while at Hospital Galveston wound now measuring 8.5cm x 2.5cm x 2.5cm after this assault being examined by Dr. July Estelle Unit who started wound care (wound being cleaned and flushed twice a day) on 5-5-17. This continued until wound healed completely around 7-20-17. Denied medications and restrictions prescribed by Hospital Galveston on 5-20-17. Diagnosis on 6-24-17 by Medical Provider at Beto resulting in a swollen thyroid gland (a chronic condition that medication is required for life.) Denying my initial request for medical help on 2-7-17 I suffer injuries presently; limited movement of back, eye problems, migraine headaches, thyroid gland problems, lymph nodes, mental problems, and the original hernia problem in the same area.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.   What date and approximate time did the events giving rise to your claim(s) occur?

2-7-17   2:00 P.M.
2-8-17   7:00 A.M. - 12:30 P.M.        5-4-17 10:00 P.M - 6:00 AM
2-22-17 - 3-9-17                                    5-20-17 - 5-27-17

D.   What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)

On 2-7-17 I was denied my right to communicate with my Medical Provider Dennis C. Gore who also did my surgery while being took from Surgery to my hospital room. Something was wrong inside my surgerical site that led to further complications, unnecessary pain and further injuries. Repeated these requests to UTMB staff and nurses throughout this day and
(see attached)

V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required or did not receive.

Contracted Cellulitis (a serious bacterial infection that affects the skin and tissue under it that can lead to infection of the blood, tissue death, loss of body parts, blindness, infecting the brain, and even death) on 2-16-17 thru 5-2-17. Denied urgent request to see Medical Provider and Surgeon on 2-7-17 in extreme pain having complications with surgerical site immediately after Surgery. Cold infection developed on 2-8-17 and hurt back received Amoxcillin 500 mg. and Tylenol #3 for 10 days for pain. Recognition of infection on 3-9-17
(SEE ATTACHED)

VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

1. Granting Plaintiff Coker a declaration that the acts and omissions described herein violated his rights that are guaranteed under the Constitution and Laws of the United States.

2. Granting Compensatory Damages in the amount of $250,000.00 for past, present, and future pain, suffering and discomfort, mental anguish, and physicological harm against the Defendants
(see attached)

# VI. Relief

3. Plaintiff also seeks punitive damages in the amount of $50,000.00 against Defendant Kimbrough for the unnecessary use of force to maliciously and sadistically cause harm in violation of the Eighth Amendment of the Constitution of the United States. AND $25,000.00 in punitive damages against Officer Kimbrough's Partner John Doe for failure to protect a prisoner from substantial risk of serious harm by failing to respond.

4. Plaintiff prays for exemplary damages in the amount of $200,000.00 against the Defendants jointly and severally.

5. Plaintiff also seeks a jury trail on all issues triable by jury.

6. Plaintiff seeks recovery of his costs in this suit and.

7. Any additional relief this court deems proper and equitable.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Wayne Scott Unit Angleton, Texas.

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

Denial of Medical Care Claims, one at UTMB Galveston Hospital and at Wayne Scott Unit, and at the Beto Unit.

Use of Excessive Force by the Assault upon being discharged at UTMB Galveston Hospital but filed at the Estelle Unit.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☑ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

Wayne Scott Unit, and the Estelle Unit, and the Beto Unit.

2.    What did you claim in your grievance?

Denied my request for my Doctor for Surgerical complications after the Surgery that needed the attention of the Doctor and Surgeon Dennis C. Gore.
Denied Medical Care for an obvious infection of a surgerical area.
Denied Access to my medical Provider for medications prescribed but withheld.
Assault by Officer Kimbrough with excessive force to cause injury and pain only.

3.    What was the result, if any?

NO EVIDENCE TO SUPPORT CLAIM
No Documentation to support Claim
Complaint Does not reflect ineffective Medical Care
Insufficient Evidence.

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Appealed with a Step Two on all Grievances with the same result, the ball being in their court, the Officials paid by them of course they are going to deny responsibility for their actions; welcome to TDCJ where no matter how meritorious a prisoner's claim, TDCJ will deny the Step1 and Step 2 grievances 99% of the time.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance state them here:

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. A List of Contents supporting this Civil Suit is attached along with information that is relevant for exhaustion of remedies with grievances attached and additional information concerning them.

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

VII. G.          List of Contents Supporting
                    This Civil Suit

1. Exhaustion of Legal Remedies Exhibits:
  a. Step One Grievance # 2017090449 and Step Two with replys to their answers.
  b. Step One Grievance # 2017097516 and Step Two with replys to their answers.
  c. Step One Grievance # 2017135393 and Step Two with reply to both.
  d. Step One Grievance # 2017141142 and Step Two with reply to both.
2. Letter sent to U.T.M.B. at Galveston Hospital and Patient Liaison Program
   seeking an employee roster and others on the 6th, 7th, and 8th of February 2017.
   Answered by correspondence (2.e.) and (2.f.)
3. Letter sent to Texas Dept. of Health Services in Huntsville, Tx. seeking help
   and information; Letter not returned but answered by correspondence Exhibit (3)
   and (3g)
4. Letter sent to NAACP Organization seeking help and answered by corres-
   -pondence (4.h)
5. Letter sent to State Counsel for Offenders but not returned specifically
   asking for a list of Lawyers who take cases against TDC, and answered by
   this correspondence.
6. Rejection Letter from Attn. Paul A. Hampel. Also listed below are Lawyers I've
   contacted with the same results, rejected.


Moriarty Law Firm                    Harvill E. Weller Jr. Attn.
404 Heights Blvd.                    Texas 1st Bank - Kemah
Houston, Tx. 77007-2520              1100 Hwy 146  Ste A
                                     Galveston, Tx. 77565-3242

Kyle Kutch Attn.
Ste 600 G. 211 E. Tyler St.          George and Bros. LLP Attn.
Longview, Tx. 75601                  1100 Norwood Tower 114 W. 7th St.
                                     Austin, Tx. 78701-3015

Stephens & Stephens
2402 Dunlavy St. Ste 300             Pedro P. Garcia Attn.
Houston, Tx. 77006-2404              5350 S. Staples St. Ste. 308
                                     Corpus Christi, Tx. 78411-4660

Cox Law Firm
1300 Norwood Dr. Ste 100             Sammons & Associates, P.C.
Bedford, Tx. 76022                   Attorneys at Law
                                     4606 F.M. 1960 Rd. W. Ste 600
                                     Houston, Tx. 77069-4613

EXHIBIT(a)

**Texas Department of Criminal Justice**

# STEP 1

## OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2017090449

Date Received: FEB 16 2017

Date Due: 4-2-17

Grievance Code: (a)
I 1803

Investigator ID #: 10910A

Extension Date: _____

Date Retd to Offender: MAR 13 2017

Offender Name: Jamie Lee Coker   TDCJ # 1782357

Unit: _____   Housing Assignment: D-1-19

Unit where incident occurred: UTMB Health (Galveston)

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Officer informing me I was Discharged   When? 2/8/17 10-11:30A

What was their response? You've been discharged either remove yourself or we will assist you.   FEB 16 2017

What action was taken? I left the premises asking for the Doctor the whole time   FEB 16 2017

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

My Grievance is that I was discharged and still had problems that needed attention from a Doctor I repeated several times that I needed the Doctor and was told by the Officer the Doctor has discharged you get your stuff together you are going back to your Unit. The problem I had was that I was bloated from eating and had not used the bathroom #2 since the 5th I was admitted on the 6th Operated on the 7th Discharged on the 8th I expressed the whole time of this problem even right before the operation I told the Nurse I haven't used the rest room she said don't worry about it! I said I wasn't leaving until I talked to the Doctor the Officer said then I'll have you removed by force if I have to. I just had a Hernia Operation I have 20 staples in my stomach haven't used the bathroom in 3 days and told and threatened for force would be used I could barely walk around the room if this is not Strenuous Activity what is! They could not find my clothes and boots I was given 2 right JACKIE SHANS a jumper and told to move it! NO PAIN MEDICINE was given to me the whole time that had any kind of Relief of Pain and now this. My Back is strained now and I'm in as much pain as the 1st day off the operation table. I was put on a B bed a window that would not go up wind in my face the whole trip Cramped unable to move bloated and now I'm back at the Unit I'm coughing green muck which could be pneumonia in my chest when I cough it stresses my stomach to the point and pain that I wish I had died on the operating table. If this is your motto Working together to Work Wonders its a Wonder I'm even alive. Why do you

FEB 16 2017                                           FEB 16 2017

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

Case 3:08-cv-00444    Document 1    Filed on 12/28/18 in TXSD    Page 20 of 58

the TDC holding

ms are overcrowded to where 8 to 12 people are either standing or sitting

a nasty floor trash cans running over commodes I wouldn't

my coo on and is not sterile, by no means, All are put in the same

m regardless of their disease being contagious who knows its like

itler camp for pis beloved Jews, but I believe his camp was more sterile

m that. Its filthy nasty abusive but its part of your Hospital

s a Disgrace to the Medical Profession and for the Medical professionals

ot this go on is a disgrace & the respect I had for it is gone. FEB 16 2017

B 16 2017

on, Requested to resolve your Complaint.

the respect treat us like Humans not Cattle & Answer the call of help when someone asks

en sterilize more seating less overcrowding & Keep it clean like a Hospital supposed to be.

ender Signature: Jamie Lee Coker   1782357   Date: 2/15/17 FEB 16 2017

evance Response:

This patient had surgery and was discharged back to unit. The procedure that the patient had

is a Day Surgery Procedure. The standard for this procedure is to discharge is to discharge back

to the unit of assignment after the procedure. The patient has complaints that he should

present to his unit provider.

Nurse Manager Bryan Hicks

ature Authority: _____ -BC, LSN   Date: 3-7-17

rned because:        *Resubmit this form when the corrections are made.

. Grievable time period has expired.

. Submission in excess of 1 every 7 days.  *

. Originals not submitted.  *

. Inappropriate/Excessive attachments.  *

. No documented attempt at informal resolution.  *

. No requested relief is stated.  *

. Malicious use of vulgar, indecent, or physically threatening language.  *

. The issue presented is not grievable.

.. Redundant, Refer to grievance #_____

0. Illegible/Incomprehensible.  *

1. Inappropriate.  *

 Printed Name/Signature: _____

lication of the screening criteria for this grievance is not expected to adversely

ct the offender's health.

ical Signature Authority:_____

1 Back (Revised 11-2010)

Appendix F

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER
GRIEVANCE FORM**

**OFFICE USE ONLY**

Grievance #: 2017090449

UGI Recd Date: MAR 2 3 2017

HQ Recd Date: MAR 2 4 2017

Date Due: 5-7

Grievance Code: 601

Investigator ID#:

Extension Date:

Offender Name: Jamie Lee Ofer      TDCJ # 1782351

Unit: Wayne Scott      Housing Assignment: C-1-22-B

Unit where incident occurred: Wayne Scott

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

Due to the fact that Utmb at 301 University Blvd. Galveston, TX refused to let me talk to my provider who on my discharge papers is a Dr. Dennis C. Gore MD about problems I had after my surgery my condition has worsened being prematurely discharged! My problems at the time I requested to talk to my provider were severe back pain, a sharp pain on my right side, 3 days constipated, excessive swelling, and red coloring of skin which was extensive. I was given no antibiotics to prevent infection and adjustments of my restrictions (bottom bunk, Bottom Row, No Stairs, Medical Shirt) weren't taken into consideration. On 2/9/17 got laxative from Medical & finally using the restroom after 4 days. Also contracted a chest cold and cough and got antibiotics for 2/10/17 from P.A. and she said swelling & redness was normal. On 2/23/17 I was scheduled to have staples (27) removed but it didn't happen. After several I-60's (3) requesting to be rescheduled on 3/3/17 they were removed but I was told to clean it myself & bandage it myself which is very unusual. I was still concerned about swelling and color of skin. I kerked another how another I-60 to see the Doctor but was saw by the P.A. who took X-rays on 3/6/17. And again I expressed my concern about swelling and color but still no antibiotics. On 3/9/17 Saw the Dentist and he asked how my operation went I told him I think they screwed up and showed him my stomach he said don't leave my department have a seat! He took it upon hisself to go for Doctor Hinkle who checked it out and confirmed that it was an infection. I received 1 antibiotic and a shot of Ancef 2½ cc and would receive 3 shots a day for 10 days and 2 antibiotics a day for 10 days. It say on my discharge papers No heavy lifting or Strenuous Activity. I can barely get out of bed sometimes being moved 3 times in 2 weeks after surgery, severe back pain, having to update my restrictions myself, 2 infections requiring 30 shots & 40 Antibiotics and the swelling and redness of skin

I-128 Front (Revised 11-2010)      **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**      (OVER)

Appendix G

# COPY

still presists I'm still in pain and stomach is twice the size it was before the operation this will have to be corrected you can't leave me like this If this is Working Together to Work Wonders UTMB needs a new mattress I got the operation to get better, not worse. Please fix me!

**Offender Signature:** Jamie Lee Coker 1782357      **Date:** 3/23/17

**Grievance Response:**

A review of the Medical Grievance has been completed regarding your complaint to stop the neglect, treat us like humans not cattle and answer the call of help when someone asks. Also you complained clean sterilize more seating, less overcrowding and keep it clean like a hospital supposed to be.

Appellate review of your health record shows on 02/08/2017, the doctor at Hospital Galveston prescribed you docusate sodium (stool softener/laxative for constipation) and the unit provider prescribed you Lactulose. You were a No Show for a missed clinic visit on 02/11/2017. On 02/13/2017, you were evaluated by the unit provider and was ordered an X-ray and prescribed the antibiotic amoxicillin for ten (10) days and reorder docusate sodium for 180 days. The X-ray impression stated no significant findings. On this same date the unit doctor prescribed for you Tylenol #3 for ten (10) days.

If you feel your condition has changed or warrants further evaluation, submit a Sick Call Request to discuss your concerns with a licensed medical provider. There is no evidence to support your claim of you being neglected or treated like cattle. Also, you complaints of overcrowding and cleanliness. It would be in your best interest to address these concerns with Security.

**Signature Authority:** _____      **Date:** _____

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

Initial Submission                CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

2nd Submission                CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

3rd Submission                CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

I-128 Back (Revised 11-2010)            **COPY**            Appendix G

Reply to Step One Grievance #2017090449 sent on 2-15-17 received on 3-13-17

My grievance statement was neither confronted, denied, or answered. This was not a complaint but an urgent request for help in extreme pain and discomfort for medical problems due to this surgerical procedure on 2-7-17. This urgent request was first made verbally while being took from Surgery to my Hospital room immediately after this surgerical procedure took place. Repeated requests I was told would be relayed to my Doctor, who was also my Surgeon for this procedure and my Medical Provider at this Unit. Repeated this request on 2-8-17 to Nurses and Staff and a Christopher Ryan Thompson who visited me that morning who is a member of my Surgerical Team. Again I was told the information would be delivered to my Provider Dennis C. Gore. This One day surgery procedure and the standard to discharge back to the Unit of assignment thats stated and following this standard without doing a reasonable investigation of the patient saying something wasn't right, that there were problems within his surgerical site that led to further injuries, pain, and suffering at present time 22 months later. The final request at noon on 2-8-17 to Officer Melveric Player was the last urgent plea for help and was told he would be gased and forceably removed from this room.

Reply to Step Two Grievance # 2017090449 sent on 3-23-17 received on 5-26-17

Again my statement of being denied access to my Doctor, Surgeon, and Medical Provider was not addressed about problems I had after surgery stated in my first sentence of my Step Two Grievance. This Grievance is misdirecting your attention from the real issue and refering to statements made later in my grievance that has nothing to do with being denied access to my Doctor, Surgeon, and Medical Provider Dennis C. Gore and deliberately avoiding my statement in my request to resolve my complaint by not answering the call of help when someone asks for it. This Grievance directs your attention to medications ordered on 2-8-17 while at Hospital Galveston for my constipation that was not given to me until I was back at my Unit Wayne Scott and was shipped in extreme pain and discomfort with 27 staples holding my stomach together for an 8 hour bus ride also with the other sharp pain in my surgerical site that I was not allowed to discuss with my doctor. The evaluation on 2-13-17 was to get something for pain to relieve this pain I suffered all weekend. The X-rays were for my back that I hurt moving a mattress into my cell and the antibotics were for a chest cold that I contracted on the bus ride and had nothing to do with the operation and this Appellate Review of my health record is a farce. And I had been prescribed this lactose solution long before this operation and had some in my property that solved my problem of constipation that weekend before I saw the Unit Doctor Marcus Hinkle on 2-13-17. The 1st sentence in your Grievance is the issue that should be replyed to! As the directions state.

EXHIBIT 1(b)

# Texas Dep ___ment of Criminal Justice

## STEP 1 OFFENDER GRIEVANCE FORM

Offender Name: Jamie Coker      TDCJ # 1782357

Unit: WAYNE SCOTT    Housing Assignment: D-1-5

Unit where incident occurred: WAYNE SCOTT

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2017097516 |
| Date Received: | MAR 0 2 2017 |
| Date Due: | 4/16/17 |
| Grievance Code: | 624 |
| Investigator ID #: | I2312 |
| Extension Date: | |
| Date Retd to Offender: | 1 9 MAY 2017 |

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Lt. Britt      MAR 0 2 2017      When? 2/1/17 4:00 Pm

What was their response? Said he would call Medical & see what the problem was      MAR 0 2 2017

What action was taken? Nothing No LAY in & I sent 3 I-60's  3-2-17      MAR 0 2 2017

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I am being denied medical care for an operation that was done on 2/7/17 in which complications after the procedure was done are not being addressed or attended to. After the operation I complained about being constipated and havent had a bowel movement since 2/5/17 and I informed them at Hospital (Galveston UT) of this problem before the operation also. I requested to see the Doctor about this problem and pain in my back only to be informed I had been discharged and threatened that I would be forced to leave otherwise. I was given no directions for aftercare, no restrictions were provided, no Antibiotics or medicine to fight off infection or protection against infection, and swelling of my stomach was doubled compared to what it was before the operation; presently its bigger than that. When back at Wayne Scott Unit I immediately put in a sick call for a laxative, antibotics for a cough and a x-ray of my chest and back were taken (But wasn't informed of the results or findings). With the help of the laxative I finally had a bowel movement 2/10/17 and was told the swelling in my stomach was normal after an operation like I had. I was laid in on 2/23/17 to remove the staples in my stomach but the unit could not clear count and we were put on lockdown and wasn't rescheduled for the 24th. Put in I-60 the 24th and was not seen or layed in. Put in Another I-60 the 26th to be laid in for the 27th still No layin. Told Nurses the 27th Nurses said put in a I-60. Today is the 3/1/17 and I've put in Another I-60 No layin. When I get up sometimes I feel dizzy and have to brace myself. I've told Nurses that I'm in PAIN. Swelling has not receded any in fact its bigger. they keep moving me around & even tried to put me on 2 row. I refused I don't even go

MAR 0 2 2017

I-127 Front (Revised 11-2010)      YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM      (OVER).

Appendix F

at my call due to problems unless its short distances I don't UNDERSTAND why I'm getting the run-around.   I don't UNDERSTAND why   the swelling has not went down and is getting bigger and my back feels like someone stomped on it. My I 60's not being answered or returned or rescheduled to get these staples out. If I had known these things before and the neglect I've received I would have Never gotten the operation I'm in worse pain now than I was before the operation and my stomach is twice as big is this the care you all provide as professional Doctors and Nurses and Does the State BOARD allow these practices ? MAR 0 2 2017

**Action Requested to resolve your Complaint.**
MAR 0 2 2017 Fix my Stomach, Provide Aftercare and Restrictions to protect me until I regain and recover from this situation. MAR 0 2 2017

**Offender Signature:** Jamie Lee Coker   1782357   **Date:** 3/2/17

**Grievance Response:**

Review of your records reveals that medical was contacted and you were scheduled for a follow up, you also submitted a SCR, you were ordered medications, x-ray, and restrictions and now a new referral was submitted on your behalf. Should you have any issues with your surgery site please notify medical immediately.

A.Lindley,  Interim SPM

**Signature Authority:** A. Lindley   **Date:** 3/17/17

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**      **\*Resubmit this form when the corrections are made.**

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** _____

**I-127 Back** (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |

Appendix F



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

Offender Name: Jamie Lee Cofer     TDCJ # 1782357

Unit: Beto 9     Housing Assignment: M-1-13-B

Unit where incident occurred: Wayne Scott Unit

| OFFICE USE ONLY | |
|---|---|
| Grievance #: | 2017097516 |
| UGI Recd Date: | 5-31-17 |
| HQ Recd Date: | JUN 07 2017 |
| Date Due: | 7-15 |
| Grievance Code: | 624 |
| Investigator ID#: | |
| Extension Date: | |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

Because the response given on Step 1 is a lie. I was never given a follow up to this day because there are problems with my surgery in which UTMB did a Cat Scan and showed no problem so they would have to do exploratory surgery to see what the reason for swelling and color, so where is the follow up? A Lindley is answering my Step 1 with useless process words that have nothing to do with being denied my right to medical care. If a person has a problem with his/her surgery and needs medical attention because of pain where the surgery took place should be able to tell his/her Doctor of the problem. Then theres the issue of the P.A not catching the infection, the patient disagrees and wants a 2ND opinion being the Doctor (HINKLE) but is denied access to him in which it took a Dentist to notice the need for a Doctor and went and got Dr Hinkle to come to his office to look at me & saw indeed it was an infection. Then on top of this the removal of the Staples which was supposed to be 2/23/17 wasn't done until 3/3/17 and afterward I was told to clean and dress the wound myself, is this the usual procedure? And restrictions regarding my restrictions, the only ones that came out of UTMB were No heavy lifting in which I was moved 3 times after my surgery in the first 2 weeks of my recovery and had no help moving my mattress & property this doesn't qualify as strenuous activity and was shipped to the Byrd Unit and then to Beto Unit then back to Byrd and then to Galveston then back to Byrd then back to Galveston for exploratory surgery while in severe pain

I-128 Front (Revised 11-2010)     YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM     (OVER)

Appendix G

# COPY

Stomach swelled & infected with Cellulitis, a loose staple someone dropped is floating around in my wound and a bad stitch does this qualify as strenuous activity? I wasn't even told I had bad Cellulitis; I was only told about the bad stitch and loose staple; withholding information from a patient is that procedure also? It's 5/28/17 now and I'm still recovering with a hole in my stomach!

**Offender Signature:** *Annie Lee Coker*     **Date:** 5/26/17

**Grievance Response:**

In your Step 1 medical grievance you stated you did not receive proper care after your abdominal hernia repair surgery on 2/7/2017. You state you have not been treated for your constipation, received antibiotics nor have staples removed. You received no after care instructions.

According to your medical records, you received surgery 2/7/2017 and were transferred to the Scott unit 2/10/2017. You had lactulose and docusate sodium prescribed at that time for constipation and ibuprofen for pain. You did not keep the appointment scheduled 2/11/2017. You were seen by the provider 2/13/2017 and prescribed antibiotics and Tylenol #3 for pain. Your staples were removed 3/1/2017, documentation reflects incision clean, dry and intact with positive bowel sounds. Further review reflects you later developed redness at site and were prescribed antibiotics and referred to Hospital Galveston (HG) where you received an exploratory laparotomy and wash out. You have been transferred to the Brio unit infirmary where you are receiving daily dressing changes as well as physical therapy.

Dissatisfaction with the treatment decisions rendered, or the manner in which the clinic visit is conducted does not reflect ineffective medical care. Although you and your healthcare providers may differ in opinion regarding your needs and the medical treatment rendered, these decisions are ultimately the responsibility of the facility providers. You may wish to submit a sick call request to the medical department for your medical issues.

STEP II MEDICAL GRIEVANCE PROGRAM
OFFICE OF PROFESSIONAL STANDARDS
**Signature Authority:** TDCJ HEALTH SERVICES DIVISION     **Date:** 6-20-17

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. **Grievable time period has expired.**

☐ 2. **Illegible/Incomprehensible.***

☐ 3. **Originals not submitted. ***

☐ 4. **Inappropriate/Excessive attachments.***

☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.**

☐ 6. **Inappropriate.***

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___ Screened ___ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **2nd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___ Screened ___ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |
| **3rd Submission** | **CGO Initials:** _____ |
| Date UGI Recd: | |
| Date CGO Recd: | |
| (check one) ___ Screened ___ Improperly Submitted | |
| Comments: | |
| Date Returned to Offender: | |

I-128 Back (Revised 11-2010)     **COPY**     **Appendix G**

Reply to Step One Grievance # 2017097516 sent on 3-2-17 received on 5-24-17

My reply to this answer are the facts that I sent 2 I-60's requesting to see Dr. Marcus E. Hinke (Unit Doctor and my Medical Provider) between 2-16-17 and 2-22-17 due to an obvious infected stomach. Sent I-60 request on 2-27-17 stating that no follow up has been received to remove staples that were scheduled to be removed on 2-23-17 and need to be rescheduled. On 2-28-17 sent another I-60 stating staples need to come out and this being also the 3rd request to see Dr. Hinkle stating also stomach is not right, swelling not going down, and that its bigger and pain is worse. This Grievance states that medications were ordered along with X-rays in which these have nothing to do with this Grievance. Also restrictions were never addressed and the referral was not submitted on my behalf until after 3-19-17. The Unit Doctor had not acknowledge the infection until 3-9-17 and the Unit Dentist had to point this out to him after I showed my stomach to him in the Dentist Area where the Unit Dentist Nicholas J. Russo went for the Doctor that I was denied access to and the Unit Doctor Marcus E. Hinkle examined me while in the Dentist Area thanks to this Dentist that cares about his patients. This Grievance states that I should notify medical immediately if I have issues concerning my surgery site. I have done this by I-60's in which I have documentation to prove on numerous occasions, I've wrote these Grievances, stated verbally to staff and Unit Doctors and stated I had problems before I left Galveston and was deliberately ignored and to no avail did this immediate notification prevail.

Reply to Step Two Grievance # 2017097516 sent on 5-28-17 received on 7-5-17

This answer is basically the same reply as was stated on Step 2 grievance # 2017090449 but the issue in this grievance concerns being denied access to my Unit Doctor Marcus E. Hinkle. After repeated requests from 2-16-17 to 3-9-17 where it took a concerned Dentist (Nicholas J. Russo) who saw the obvious infection to retrieve Dr. Hinkle whom I was denied access to for him to examine me in the Dentist area. A lot of information stated in this answer is wrong; I was dis-charged on 2-8-17 not on 2-10-17, the appointment scheduled for 2-11-17 was not made because my Unit was put on lock down but this grievance makes it sound like it was my fault, staples that were scheduled to be removed on 2-23-17 did not get removed until 3-3-17 not on 3-1-17. It states that incision clean, dry, and intact with positive bowel sounds on documentation that I would like to see because I was told to clean and bandage the site myself. It says red-ness later developed at site and antibotics were prescribed. This redness was ruby red, stomach swollen, an obvious infection since 2-16-17 and tried to see the Doctor because of this infection being in extreme pain whenever I moved my body. Antibotics were started on 3-9-17 for this infection whereas I was given 2½ cc's shots directly into my stomach 3 times a day for 10 days that had no effect on this infection (A Bacterial infection called Cellulitis) and upon information obtained can infect your blood, tissue death, loss of body parts, blindness, infects the brain, and even death, caused by surgerical clips lost in my surgerical site documented by X-rays on 3-6-17 and CT SCAN on 4-19-17. And as stated an exploratory lapar-otomy but their was nothing to be explored because they knew surgerical clips were inside my surgerical site on 4-19-17, this surgery took place on 5-2-17 and was told nothing was found by this CT Scan. It says dissatification with treatment does not reflect ineffective medical care but when officials know of and disregard an excessive risk to an inmates health and safety that constitutes the unnecessary and wanton infliction of pain is deliberate indifference to the serious need of the prisoner. And the last sentence stating I may wish to submit a sick call after all I've been through shows the arrogance and stupidity of the Office of Professional Standards TDCJ HEALTH SERVICES DIVISION.

EXHIBIT (C)



# Texas Department of Criminal Justice

## STEP 1 DEFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2017136393
Date Received: 05 11 17
Date Due: 06/20/17
Grievance Code: 002
Investigator ID #: T-2193
Extension Date: _____
Date Retd to Offender: 06 07 17

Offender Name: Jamie Lee Coker TDCJ # 1782357
Unit: Estelle Unit. Housing Assignment: RMF EX 107
Unit where incident occurred: Hospital Galveston

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? UNABLE BECAUSE TRANSFERRED off Unit Within Minutes. When? May 4th 2017 Around 10PM

What was their response? UNABLE to Communicate or get witnesses statement

What action was taken? This Grievance I am submitting now so far. 051117

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate.

Office Kimbrough assaulted me in my wheelchair when I was discharge from GALVESTON HOSPITAL. When I was brought down in a wheelchair to get on the bus I asked Officer Kimbrough about my treatment plan that was in a red folder, he said I would not get it if I didn't get it out of my room. I said I have to have my treatment plan for my injury or rather my open wound they left me with after surgery. It's a hole 8.5 cm x 2.5 cm x 2.5cm where they cleaned & removal an infection from a complication from my Hernia Surgery. Officer Kimbrough went into a rage saying I would get what he gave to me calling me a stupid son of a bitch and then he jerked my wheelchair around shoving it this way and that pushing and jerking my wheelchair around the whole floor opening my wound causing it to bleed excessively to where they had to call for 2 NURSES to come down to the area to redress my wound. Officer Kimbrough is a older (70 yrs or more) black man who said when I asked how old he was said he was old enough to whip my ass and f—k me up. I was trying to get a conversation going I thought he was going to have a heart attack he was so out of control. I told the Ambulance driver a young short fat kid that I had pain after this confrontation but was IGNORED except for the NURSES redressing my wound. I am at the Estelle Unit now and my pain in my side is CONTINUOUS and I'm locked down in a lock down cell and can't get medical attention for my pain and antibiotics and am being denied my request to see my treatment plan today is the 5th of May at 10:00 Am and I don't UNDERSTAND

051117

---

I-127 Front (Revised 11-2010)     YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM     (OVER)

Appendix F

and came up any answers. I only asked about my treatment plan and this required. I was respectful when I asked and had no Idea that this would happen this officer must have had other things that caused this incident because I did nothing to cause this kind of reaction and was scared for an instance for my life or serious injury to an injury I had already.

**Action Requested to resolve your Complaint.** A serious investigation of this incident must be made and medical negliance stopped before a serious injury or death happens.

**Offender Signature:** Jamie Lee Coker      **Date:** May 5, 2005 1117

**Grievance Response:**

A unit investigation was conducted into your complaint and a referral was made to the Office of Inspector General (O.I.G). The O.I.G found insufficient evidence to open an O.I.G investigation. No further action is warranted by this office.

**Warden Lacox**

**Signature Authority:** _____      **Date:** 4/6/17

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**      *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

**Medical Signature Authority:** _____

I-127 Back (Revised 11-2010)

<table>
<tr><td colspan="2"><b>OFFICE USE ONLY</b></td></tr>
<tr><td>Initial Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>2nd Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
<tr><td>3rd Submission</td><td>UGI Initials:_____</td></tr>
<tr><td colspan="2">Grievance #: _____</td></tr>
<tr><td colspan="2">Screening Criteria Used: _____</td></tr>
<tr><td colspan="2">Date Recd from Offender: _____</td></tr>
<tr><td colspan="2">Date Returned to Offender: _____</td></tr>
</table>

Appendix F



**Texas Department of Criminal Justice**

# STEP 2     **OFFENDER**
## GRIEVANCE FORM

Offender Name: Jamie Coker    TDCJ # 1782357

Unit: Beto 1.    Housing Assignment: M-1-13 B

Unit where incident occurred: UTMB GALVESTON

| OFFICE USE ONLY |
|---|
| Grievance #: 2017135393 |
| UGI Recd Date: 6/16/17 |
| HQ Recd Date: JUN 21 2017 |
| Date Due: 7-26 |
| Grievance Code: 802 |
| Investigator ID#: |
| Extension Date: |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**   *I am dissatisfied with the response at Step 1 because...*

an investigation of this incident would have proved that Officer Kimbrough assaulted me with deliberate indifference because I told him about my wound (An open incision 8.5cm x 2.5cm x 2.5 cm deep) before he started jerking my wheelchair around trying to throw me out of it. The other Officer is a witness as well as the Ambulance Driver. If they had been questioned they would have to confirm that Officer Kimbrough had lost control of his emotions and assaulted me and my wheelchair to the point that opened up my wound where 2 nurses (witnesses also to the injury) had to redress the wound but denied me a Doctor to look at it denying me medical care that was needed as a precaution against other injuries (my back, my neck) Surely an investigation would have revealed this because these are facts. I believe Warden Lacox rubber stamped this Grievance and lied about an investigation believing I would drop this. I will take this to an outside Court if I have to this Abuse will not be tolerated by me in this Prison system and definitely not after being released. My Mother is Dead and Officer Kimbrough will Not get away with calling her a Bitch and either it will be dealt with here or when I get out But it will be dealt with I swear on her grave. You can't Rubber stamp everything that comes before your desk situations have

I-128 Frost (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

# COPY

to be dealth with with this much evidence against Officer
Kimbrough. AND WILL BE. Justice will be done remember
INJustice Anywhere is a threat to Justice Everywhere!

Offender Signature: _Jimmie Lee Coffer_      Date: 6/14/17

Grievance Response:

This issue has been reviewed by The Office of the Inspector General and that office has
determined that there is insufficient evidence to warrant opening a case. No further action will
be taken.

Signature Authority:    **B. BARNETT**    _BBarnett_    Date:    **JUL 0 5 2017**

Returned because:   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | CGO Initials: _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | CGO Initials: _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | CGO Initials: _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ____ Screened ____ Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |

I-128 Back (Revised 11-2010)            Appendix G

**COPY**

Reply to Step One and Step Two Grievance #2017135393 sent on 5-5-17 and returned on 7-18-17

My reply: Upon information and belief there was no investigation and is being covered up by TDCJ and UTMB Galveston Hospital. The cameras in this area with the recorded footage would show this cowardly assault. The witnesses; Officer Kimbrough, his partner John Doe, the Ambulance Driver, the 2 Nurses that rebandaged my wound, and the 5 other prisoners that were shipped with me were never questioned, my request for the Doctor never relayed, and the Nurses report never made. The orginal incision would be documented by the Surgeon (Dennis C. Gore) and after the assault would be larger was not addressed but was measured and documented when I arrived at the Estelle Unit the next day by Doctor July. The cameras would have shown the Nurses coming and going to this area and the blood would have been cleaned off the floor and the wheelchair by someone. This was after 10:00 P.M. when traffic was next to nothing with fewer staff and nurses. Officer Kimbrough knew of my injury before the attack and used this unnecessary, excessive, malicious, and sadistic assault to cause harm only.

# Texas Department of Criminal Justice

EXHIBIT (a)

## STEP 1

### OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2017141142

Date Received: 5/22/17

Date Due: 7/6/17

Grievance Code: 608

Investigator ID #: E0157

Extension Date: _____

Date Retd to Offender: 6/5/17

Offender Name: Jamie Lee Coker  TDCJ # 1782357

Unit: Beto 1  Housing Assignment: Hosp. Rm 109

Unit where incident occurred: Beto 1

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Nurse Henderson   When? 5/18/17

What was their response? "You only get to talk to her once a month she has more important concerns."

What action was taken? None! My medical issues are being ignored.

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

I am being denied my request for medical care. I have several issues that need attention by medical professionals but by being denied my access to communicate with my provider (who must approve whatever it is I want) I am being denied medical services. I was told by Nurse Henderson after I told her of some issues, that I could only talk to my provider (Miss Egan) once a month, that she is very busy and has more important concerns. Does this mean I have to live with these problems I have for a month before I can get medical attention. If I have questions and concerns about my treatment or lack of treatment I still have to wait a month? I was told that my treatment when I first came here required my bandage of a open wound (cellulitis) which I was left with after a routine hernia surgery was to be changed twice a day. Now I've been told its only once a day by a Nurse Murphre because my bandage was not changed today 5/18/17 which I don't believe. I understand Ms. Egan is also taking care of 3 other Units here at Tennessee Colony is this true. Maybe Shes overloaded and we are being neglected and not given proper care. Cellulitis is serious and it being in my stomach there is no room for mistakes in the care and treatment I am supposed to receive to be cured completely. It being UTMB's fault in the first place. I believe I have the right to have access to effective communication, to ask questions if I am concerned about my health or safety, or refuse care, treatment, and services.

---

I-127 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix F

and it Seen 3:17-cv-00104 Document 11 Filed on 02/20/18 in TXSD Page 37 of 58 institution (TDC) to do so. This medical condition I have is not my fault and I am concerned and just want the care I am supposed to get to get well and talk to my provider. I've had problems with this hernia surgery and it has resulted in this and from the day I was admitted to get hernia surgery done (Feb. 6, 2017) to this day (May 18, 2017) I have never talked to my provider.

**Action Requested to resolve your Complaint.**
When medical attention is requested attend to it immediately not in a month or any time limit address it immediately and provide adequate communication to the patient.

Offender Signature: Jamie Lee Cofer     1782357     Date: 5/20/2017

Grievance Response:

Review of your records and per statements by RN Dotson, and RN Henderson reveals the following: Upon reporting your concerns to RN Henderson, you refused to allow assessment at the nursing level, and she advised you to review your request for body lotion at your next scheduled appointment with unit medical provider. Providers have a schedule to see patients, but all urgent needs are discussed with provider if needed prior to your scheduled appointment. On 5/18/2017 RN Henderson consulted with PA Egan concerning your expiring medications, and you received an order for Tylenol. This grievance is unsubstantiated.

**KEVIN MOORE, SPM**

Signature Authority: K. Moore          JUN 12 2017          Date: 6/12/17

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:     *Resubmit this form when the corrections are made.

☐ 1. Grievable time period has expired.
☐ 2. Submission in excess of 1 every 7 days. *
☐ 3. Originals not submitted. *
☐ 4. Inappropriate/Excessive attachments. *
☐ 5. No documented attempt at informal resolution. *
☐ 6. No requested relief is stated. *
☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
☐ 8. The issue presented is not grievable.
☐ 9. Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible. *
☐ 11. Inappropriate. *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority:_____

I-127 Back (Revised 11-2010)

**OFFICE USE ONLY**

Initial Submission          UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

2nd Submission          UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

3rd Submission          UGI Initials:_____
Grievance #: _____
Screening Criteria Used: _____
Date Recd from Offender: _____
Date Returned to Offender: _____

Appendix F



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

| OFFICE USE ONLY | |
| --- | --- |
| Grievance #: | 2017 141142 |
| UGI Recd Date: | 6/19/17 |
| HQ Recd Date: | JUN 22 2017 |
| Date Due: | 8-3 |
| Grievance Code: | 608 |
| Investigator ID#: | |
| Extension Date: | |

Offender Name: Jamie Coker  TDCJ # 1782357

Unit: Beto  Housing Assignment: M-1-13 B

Unit where incident occurred: Beto

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be Specific).   *I am dissatisfied with the response at Step 1 because...*

Unless you have a written refusal to document that I refused care at the Nursing level then this is a blatant lie, I have never refused care of any kind. And as so far as at the nursing level they have no authority to diagnose diagnose my problem and certainly no authority to prescribe medicine to care for my problem. So why do I have to see someone who can't help me to begin with I need to see my doctor (provider) who can diagnose the problem and prescribe the correct medicene. I've put in 2 requests to see the Doctor and have not got an answer or a return of my I 60's. I should be able to talk to my provider or at least she/he should answer my I 60's or he/she is not providing adequate medical care. The correct word for this situation is simply Communication! And it says in my treatment plan I have the right to that. A simple answer of I'm busy and I'll get to you when I can unless its an emergency would be respectful of a professional in that profession. And Tylenol had nothing to do with my requests, the medications I inquired about I was prescribed by a Doctor before I have a list of them and they should be in the computer and none of them are Tylenol. IBUProfein Yes But I have never got Tylenol on my list. I do not abuse my medical requests they are

I-128 Front (Revised 11-2010)   **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**   (OVER)

Appendix G

# COPY

*for legitimate reasons and if you look on the computer you will see I have used reasonable care in the use of and the time they have lasted one. When answering these grievances be sure the people you are quoting are telling the truth to begin with before writing it on this paper. To see a nurse is a waste of time let me see a Doctor (Provida)*

**Offender Signature:** Jamie Lee Cofer 782357 **Date:** 6/17/2017

**Grievance Response:**

A review of the Step 1 medical grievance was completed regarding your complaint you have been denied appropriate medical treatment. You stated you have a cellulitis that has formed at the site of your hernia repair. You stated the nursing staff will not contact the provider at your request.

Review of the health record indicated you are under constant monitoring by the nursing staff, the provider is notified of any changes in your condition. You have been seen by the providers. Most recently you were seen on 6/4/2017 and again on 6/11/2017. The provider documented you voiced no concerns during those visits.

There is no documentation to support your complaint of being denied appropriate treatment by the staff of the Beto Inpatient Infirmary. If you feel that your condition has changed, or warrants further evaluation, you may wish to submit a Sick Call Request (SCR) to discuss your concerns with a licensed medical provider. Appellate review supports the response offered at Step 1. No further investigation is warranted through this grievance program for this issue.

STEP II MEDICAL GRIEVANCE PROGRAM
OFFICE OF PROFESSIONAL STANDARDS
**Signature Authority:** TDCJ HEALTH SERVICES DIVISION       **Date:** 6-26-17

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

Initial Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

2nd Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

3rd Submission          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____Screened ____Improperly Submitted

Comments: _____

Date Returned to Offender: _____

I-128 Back (Revised 11-2010)                                        Appendix G

**COPY**

Reply to Step One and Step Two Grievance #2017141142 sent on 5-20-17 and returned on 7-5-17

My reply is that there was no refusal either verbally or written refusing assessment at the nursing level, there was no mention of body lotion in this grievance, only issues of medications that were prescribed by Hospital Galveston and my old Unit Medical Provider. Being in pain is an urgent need and Nurses cannot prescribe medications, the Medical Provider C.K. Egan was needed to do this procedure and I was denied this right delaying necessary pain medicine that was needed at this time.

Jamie Foster #1823579
Michael Unit.

RECEIVED
JAN 24 2018
By_____

Exhibit 2.

● Dear Sir:

I seek help in obtaining an employee roster for UTMB
the week of February 6th, 7th, 2017 and 8th. I had had
a hernia operation in which I had problems after the surgery
in which I asked for my doctor on the 7th and was denied
medical attention. It would be helpful if I were provided
this roster and/or the names of the Nurses Doctors and interns
that were on my surger surgical team. I would also like
the roster for the employees (Guards in their official capacity)
on the TDC side of UTMB. One I believe is Officer Player
and another Officer Kimbrough especially. Their full name
and rank and job description. This Officer Kimbrough assaulted
me on May 4th about 11:00 PM when I was handcuffed and in a
● wheel chair about to be transported to the Estelle Unit where
after the assault again I asked to see a doctor due to a 8.5
cm. by 2.5 cm by 1.5 cm deep cut due to cellulitus which had
to heal from the inside out was bleeding (gown (front) soaked)
with blood nurses had to, (2) nurses, come down and redress
my wound but again I was denied access to the doctor
and was shipped anyway. You have cameras there and can
look at the viedeo if possible to see I'm telling the truth.
I was told you would assist me since I started this suit
I've been shipped around as to discomfort my investigation
and access to the law library. This INJustice cannot be
allowed or tolerated. The Grievance on Officer Kimbrough
and the Assault was rubber stamped Insu No evidence
● to support claim; there were 4 other inmates that were shipped
at the same time, the other guard, the ambulance driver, the

over

10/16/17

two nurses plus the camera I know is there on the loading dock for prisoners.

Please help me
respectfully

Jamie Lee Coker .178235q
Michael Unit 7 H 1B
2664 FM 2054
Tennessee Colony, Texas
                                                75886

" ATTN "          1/24/18
LANNETTE  LINTHICUM MD            Correctional Managed Care
This letter was sent to UTMB Galveston and was sent back to me
with NONE of the information I needed ; I have sent several I60's
to our medical department and medical director PAM PACE and
None have been answered or returned whereas I am seeking your
help in this matter, I must obtain this information in order to procede
with this Civil Case I am pursueing against the said Officer for Assault
and the Medical Departments of UTMB and Wain Scott for denying
me access to medical help. This is being pushed under the rug
by denying me this information, relocating me to Units futher away
from witnesses and material at Wain Scott where I need to be and is
my 1st assigned Unit. Please help me this is not right and I give my
oath that all that is written is true. This Assault and Denial of Medical
Attention needs to be Addressed please help me. Respectfully
P.S. WHAT DOES Correctional MANAGED CARE JAMIE LEE COKER  Jamie Lee Coker
DO BY THE WAY, THIS IS DEFINITELY Not  MICHIEL UNIT 7H1B
correct but they refuse to help, just what do they do?

# utmb Health

## Working together to work wonders.™

The University of Texas Medical Branch Galveston
Correctional Managed Care
Quality Services
301 University Blvd.
Galveston, Texas 77555-1207

TRUCK MAIL

# M E M O R A N D U M

TO:          Offender: Jamie Coker  TDCJ # 1782357

FACILITY   Michael MI 036

FROM:     Department of Quality Services

DATE:      January 24, 2018

We received your letter regarding healthcare concerns in our office. We encourage you to use the
process on your unit to discuss your health related concerns.  A healthcare provider on your unit
should be able to answer your questions. In addition, the formal grievance process is available to
you through your unit grievance officer. We are hopeful that you will achieve a satisfactory
resolution.

Exhibit Z.T.

10/16/17

7H - 01B

**utmb** Health

## Working together to work wonders.™

The University of Texas Medical Branch Galveston
Correctional Managed Care
Quality Services
301 University Blvd.
Galveston, Texas 77555-1207

**M E M O R A N D U M          TRUCK MAIL**

TO:        Facility Practice Manager/Administrative Associate   (MI 036)

FROM:        Department of Quality Services

RE:        Offender Letters/I60 Forms

We received the enclosed correspondence in our office from the offender(s) on your facility with concerns related to his/her healthcare.  The offender has been encouraged to use the process on his/her unit to discuss health related concerns. No response to this office is necessary, as the encounter will be captured in your informal complaint database.

If you have any questions, please don't hesitate to call.

Sent REQUEST to Med. Dept. for information 2/13/18 on I-60.

6/19/17                                                                    Exhibit 3

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## THE OFFICE OF THE GENERAL COUNSEL
### INTER-OFFICE COMMUNICATION

TO: Jamie Lee Coker                    DATE: 6-19-2017

TDCJ # 1782357                         UNIT: Beto 1

FROM: TDCJ - Office of the General Counsel    SUBJECT: Legal Issues

---

This is in response to your recent letter to: Windson E Dry dated: _____
Post Conviction Litigation Division

___ Your correspondence received by this office relates to the above **litigation** and will be forwarded to the Office of the Attorney General representing the Agency.

_____ Your letter is being returned unanswered pursuant to TDCJ Offender Orientation Handbook which States, in part, "You should always try to solve your problem with staff on your unit or facility before you submit your grievance.  **Always submit your original to the grievance investigator on your facility, and if you appeal a decision to the next level, you must always submit your appeal with the original Step 1 to the grievance investigator on your facility.**"  Resubmit your appeal to the grievance investigator on your unit.

_____ Every effort is being made to process grievances within the time limits outlines in the **Offender Grievance Procedure**.  For information regarding your grievances you should contact: **Offender Grievance Procedure,** P.O. Box 99, Huntsville, Texas 77342-0099.

_ _ If you have a complaint or allegations to be made relating to **staff misconduct (i.e., verbal harassment, acts of discrimination, etc.)** they should be directed to the **Unit Warden or his designee**

_____ If you have a complaint or allegations to be made relating to **staff misconduct (i.e., excessive UOF; acts of retaliation;) or any crime committed by offender/employee on State property** they should be directed to the unit Internal Affairs Investigator or contact the Internal Affairs Division, P.O. Box 99, Huntsville, TX 77343-0099

_____ Issues related to **time** calculations, sentencing, concurrent time/stacked time, jail time, forfeited good conduct time, back-dated good conduct time, class, promotion, etc., should be directed to the Classification Records Office, Time Section, P.O. Box 99, Huntsville, Texas 77342-0099.

_____ The TDCJ-ID has policies and procedures in effect for processing an offender's request for an **inter-facility transfer.**  You should contact the Unit Chief of Classification and/or Administrative Segregation Committee so your request can be processed. The committee will give careful consideration to the request, and appropriate action will be taken. The State Classification Committee makes the final decision.

_____ Any issue related to **religious programs**, services, holidays, or activities should be directed through the Unit Chaplain or the TDCJ-ID Chaplaincy Department, P.O. Box 99, Huntsville, Texas 77342-0099.

_____ **Parole** related issues should be directed to the Unit Parole Officer or contact the Board of Pardons & Paroles, 8610 Shoal Creek Blvd., P.O. Box 13401 Capitol Station, Austin, TX 78711.

_____ **Public Information Act** Section 552.028(a)(1), Texas Government Code provides: "A governmental body is not required to accept or comply with a request for information from an individual who is imprisoned or confined in a correctional facility."

_____ Issues related to **education** should be directed to the Windham School Principal on the unit.  Continuing Education issues should be sent to Windham School, P.O. Box 40, Huntsville, TX 77342.

_____ Issues related to your **commissary account**, should be directed to: Local Funds, P.O. Box 99, Huntsville, TX 77342-0099.  Issues related to commissary purchases should be directed to the Unit Commissary Supervisor.

_____ Issues related to your **Inmate Trust Fund** account should be directed to: E & R Programs, Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629.

_____ Your request for Protective Custody/ Safekeeping/Unit Transfer, due to **LIFE ENDANGERMENT** has been received by this office, and was immediately forwarded to the appropriate staff for immediate investigation and action on your behalf.

_____ Issues related to **meals**, sack lunches, special diet menus, etc., is not appropriate for handling by this office.  Send an I-60 to the Food Service Manager so they may take immediate action regarding your issue.  If this proves to no avail, you may contact: Asst. Director of Food Service, P.O. Box 99, Huntsville, TX  77342-0099

✓____ The unit physician is the primary care provider at the unit level and is responsible for the determination of **medical treatments**, medical restrictions, and scheduling services.  You should attempt to resolve your problem on the unit level first by contacting the unit medical administrator, in writing, for assistance.  Subsequently, if you are not in agreement with his/her response you can write to the Patient Liaison Program, Health Services, P.O. Box 99, Huntsville, TX 77342-0099.

_____ Issues related to **legal assistance** should be directed to State **Counsel for Offenders,** Legal Services Section, P.O. Box 4005, Huntsville, TX 77342-4005.  **Law Library** issues, legal visits with other offenders, etc., should be addressed to **Access to Courts** at P.O. Box 99, Huntsville, TX 77342-0099.

_____ The information presented in your letter is inappropriate for handling by this office. Direct your correspondence to the appropriate court / state department / or agency responsible for reviewing your concerns:

Unit Employee Roster

**ADDITIONAL COMMENTS:**
_____
_____
_____
_____
_____

cc: file
L:\offender IOC.doc

Director of the Dept. of Corrections, Estelle V Gamble

Warden of the Prison

Med. Director

(Prison Officials failed to comply with a Doctors orders to move Coker me to
x lower bunk, & put him in solitary confinement until Coker accepted a top
bunk assignment. Because he refused housing because he was assigned
to a top bunk with an open incision of 8.5 by 2.5 cm.

Research References:

15 Am Jur 2d, Civil Rts. §§ 14, 23, 1:; 21 Am Jur 2d, Criminal Law §§ 610-612; 60
Am Jur 2d, Penal & Correctional Institutions § 52

5 Fed. Procedural Forms L Ed, Civil Rts. §§ 10:151 et seq.

19 Am Jur Pl & Pr Forms (Rev Ed), Penal & Correctional Inst., Form 11

22 "      " Trails 1, Pris. Rts. Litigation

42 USCS § 1983; Const. 8th & 14th Amend s.

US L Ed Digest, Civil Rts. § 10; Criminal Law § 78

ALR Digests, Civil Rts § 1.3; Criminal Law § 170

_ Ed Index to Annos, Civ. Rts.; Cruel & Unusual Pun.; Pris. & Prisoners.

ALR Quick Index, Cruel & Unusual Pun. Discrimination; Pris. & Convicts

Fed. "          " C. Rts. C & U. Pun., Pris & Prisoners

43 L Ed 2d 433 — Sup. Ct. construction of Civ. Rts Act of 1871 (42 USCS § 1983) providing
right of Action for violation of fed. rts. 43 L Ed 2d 433

Fed. Constitutional Constitutional guaranty against C & Un. Pun. 33 L Ed. 2d 932

What provisions of the Bill of Rts. are applicable to the States 18 L Ed 2d 1388,
23 L Ed. 2d 985

Relief under Fed. Civ. Rts. acts to state prisoners complaining of denial of Med
Care # 28 ALR Fed 279

Prison Conditions as amounting to C & Un. Pun. 51 ALR 3d 111 < pg. 253 >

Look at 42 U.SCS § 1983 for failure to make a claim (pg. 254 of the 8th Amend. Clause

Crim. Law. § 78 C & Un Pun. — what constitutes!



# Texas Department of Criminal Justice

**Bryan Collier**
Executive Director

*Letter not returned*

March 7, 2018

OFFENDER: COKER,JAMIE LEE   TDCJID:  1782357  Facility: MICHAEL

The Patient Liaison Program no longer accepts complaints from the offender population.  Your letter is being returned and you are directed to follow the below listed procedures if you chose to file a complaint about your health care (medical, dental and/or psychological).

The health care at the MICHAEL facility is the responsibility of the UTMB-CMHC.

Each facility has an Informal Complaint Process in place.  If you have a medical, dental and or psychiatric related complaint, you must first attempt resolution through this process.  You may submit an I-60 and or letter to the facility based Complaint Coordinator:   PRACTICE MANAGER.

Please allow sufficient time for a response.  If you are dissatisfied with the response from this process you may proceed with the offender grievance process (I-127 AND I-128).  Remember that all offender grievances must be submitted to your unit grievance office.

Please follow these procedures for all future complaints about your health care.


Sincerely,

TDCJ Health Services Division
Office of Professional Standards
Patient Liaison Program


MW/dv

Reference No. :  1800t0000000409

---

*Our mission is to provide public safety, promote positive change in offender behavior, reintegrate offenders into society, and assist victims of crime.*

P.O. Box 99
Huntsville, Texas 77342-0099
(936) 295-6371
www.tdcj.state.tx.us

To the NAACP Organization, Dear Sirs!

I was assaulted by a Guard (Officer Kimbrough) of the Texas Dept. of Corrections while handcuffed in a wheelchair with an incision of $8.5 \times 2.5^{W} \times 1.5^{D}$ cm; an open wound due to cellulitis. The Officer jerked the chair this way and that pushing the chair fast and then abruptly stopping trying to knock me out of the seat opening my wound causing it to bleed and nurses had to be called to redress my wound and change my gown. I asked to See a Doctor for the injuries and pain but was refused and put on an Ambulance and shipped to the Estelle Unit where I filled out a grievance about the incident and got the measurement of my wound above. I am currently trying to get the information (a pro se packet) of the correct papers to file a civil suit on the Officer, UTMB at Galveston, and my Doctor (Provider) but have been shipped 2 more times futher away from the information and have received no information from TDC roster at Galveston Hospital or any cooperation in finding information on this certain Officer. The Grievance Procedure was Rubber Stamped "Insufficient" "Evidence" to warrant futher action. My Civil Rights have been violated and T.D.C. is covering up the investigation by moving me to a lock down Unit in order to shut down my investigation of filing a Civil Suit; This case is deliberate indifference because I explained to Officer Kimbrough my condition before he assaulted me. I am requesting help and this incident probably was on their Camera plus 4 other inmates witnessed the assault along with Officer Kimbrough's Partner and the Ambulance Driver and an Incident report should have been

filed on behalf of the Nurses that attended me on the loading Dock AREA. I would offer █ of any settlement just to see justice done.

Please reply
Sincerely, Jamie Lee Cotter 1782357
Michael Unit 7 H 18
2664 FM 2054
Tennessee Colony, Texas 75886

THIS CASE SHOULD BE BROUGHT TO THE ATTENTION of the WHOLE NATION of Police Brutality. Another Case that was in USA TODAY St. by St. Section of a WOMAN Being Sprayed while being restrained in a wheelchair and she won her settlement

PLEASE REPLY AND/OR referral to someone who can help me they are covering up this incidient by locking me down in A worse place to make it more difficult on me because they know I am alone with no support.



*New York Office*
*40 Rector Street, 5th Floor*
*New York, NY 10006-1738*
*T. (212) 965 2200 F. (212) 226 7592*
*www.naacpldf.org*

## LDF
**DEFEND  EDUCATE  EMPOWER**

*Washington, D.C. Office*
*1444 Eye Street, NW, 10th Floor*
*Washington, D.C. 20005*
*T. (202) 682 1300 F. (202) 682 1312*

April 9, 2018

Mr. Jamie Lee Coker

#01782357

Michael Unit 7H1B

2664 FM 2054

Tennessee Colony, TX 75886

RE: Request for Assistance

Dear Mr. Coker,

Thank you for your letter.  We are extremely sorry to hear about your legal issues.  We very much wish that the NAACP Legal Defense & Educational Fund, Inc. had the capacity to represent every person that contacts us about a case of possible injustice.  Unfortunately, however, we are only able to represent a very limited number of people and we are unable to assist you at this time.

We wish you the best of luck with your case.

Yours truly,

NAACP Legal Defense & Educational Fund, Inc.



## State Counsel for Offenders

### Texas Board of Criminal Justice
P.O. Box 4005
Huntsville, TX 77342-4005
(936) 437-5203

May 23, 2017

Jamie Coker
TDCJ-ID #1782357
Beto Unit (B1/022)

Dear Mr. Coker:

We received your recent letter asking where you can find attorneys who can file a lawsuit on your behalf.

A list of Attorneys who practice civil litigation can be found in the *Texas Legal Directory*. This directory can be found in your Unit library and a law librarian can assist you if you need help in locating it.

Sincerely,

Francis Mwangi
Staff Attorney
Legal Services Section

FMW/lc

cc: file

EXHIBIT 6

# ⚖ The Law Office of Paul A. Hampel

### PAUL A. HAMPEL Attorney at Law

**May 30, 2017**

**Jamie Lee Coker #1782357**
**Beto Unit**
**Hospital Room 109**
**Tenn. Colony, Texas 75880-5000**

Dear Mr. Coker,

     Thank you for your interest in my office, unfortunately I cannot assist you with your request.  I currently do not offer services pertaining to Law Suits or any Civil Legal matters. I currently specialize in parole representation.  My services focus solely on getting my clients approved for parole as soon as possible. I am not affiliated with any other attorney well enough that I would feel comfortable in offering a reasonable recommendation or a referral to. Again, I thank you for your interest and I wish you the best of luck with your future endeavors.

     Sincerely,

     Paul A. Hampel

---

1202 Hallmark, Suite 201
San Antonio, Texas 78216

(210) 375-7526
Fax (210) 375-7592

www.lawyertexasparole.com
1-888-707-2765

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.  Docket or index number

_____

4.  Name of Judge assigned to your case

_____

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?   NO.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☑ No

D.      If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.   Docket or index number

_____

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.   What was the result of the case?  *(For example: Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   _12-19-18_

Signature of Plaintiff   _Jamie Lee Coker 1782357_
Printed Name of Plaintiff   _Jamie Lee Coker_
Prison Identification #   _1782357_
Prison Address   _Michael Unit 18 u 31, 2664 FM 2054_
_Tennessee Colony         Texas        75886_
                      City                     State         Zip Code

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____
Printed Name of Attorney   _____
Bar Number   _____
Name of Law Firm   _____
Address   _____
                _____
                      City                     State         Zip Code

Telephone Number   _____
E-mail Address   _____

ATC-060 (Rev. 7)
Attachment 2

## NOTICE
## OFFENDER NOTARY PUBLIC SERVICE

Under both Federal law (28 U.S.C § 1746) and State law (V.T.C.A. Civil Practice & Remedies Code, §132.001-132.003), offenders incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, certification, oath, or affidavit sworn before a Notary Public.

In a request for Notary Public service, each offender must explain why an Unsworn Declaration is insufficient before Notary Public service will be provided.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*An **example** of an unsworn declaration pursuant to **State law** is as follows:*

"My name is __Jamie__ __Lee__ __Coker__ my date of birth is __1-22-58__,
　　　　　　　(First)　　(Middle)　　(Last)

and my inmate identifying number, is ___1782357___. I am presently incarcerated in

__Mark W. Michael Unit__ in __Tennessee Colony__
　　　(Corrections unit name)　　　　　　　　(City)

__Anderson__　　　　__Texas_____. I declare under penalty of
　(County)　　　　　(State)　　　　(Zip Code)

perjury that the foregoing is true and correct.

Executed on the __19th__ day of __December__, 20__18__. __Jamie Lee Coker 1782357__ "
　　　　　　　　　　　　　　　　　　　　　　　　　　　(Offender Signature)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*An **example** of an unsworn declaration pursuant to **Federal law** is as follows:*

I _____(insert offender name and TDCJ number), being presently incarcerated in _____ (insert TDCJ unit name), in _____County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed on the _____day of_____, 20___. _____ "
　　　　　　　　　　　　　　　　　　　　　　　　　　(Offender Signature)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE
## NOTARY PUBLIC SERVICE DENIAL

Regarding your request for Notary Public service, insufficient justification was provided necessitating Notary Public service. However, you may proceed with an Unsworn Declaration.

_____　　　　_____
　(Signature - Notary)　　　　　　　　　　(Date)

Declaration     By     Inmate

I Jamie Lee Coker      SID  1782357

Being presently incarcerated at the Michael Unit 2664
FM 2054 Tennessee Colony. Texas 75886 declare under
Penalty of Perjury that the foregoing instrument is
true and correct.

Signed on this the _____ day of _____, ____

Plaintiff

Jamie Lee Coker

Defendants

Texas Department of        Brain Collier        Dennis C. Gore        Olugbenga Ojo
Criminal Justice           Lorre Davis          Marcus E. Hinkle      Cheryld K. Egan

University of Texas        Don C. Bosco         Officer Kimbraugh
Medical Branch            Donald E Muntz        Officer John Doe
Galveston                 Norris Jackson        Officer Melveric Player

Jamie Lee Coker 1782357
Mark W. Michael Unit 18U31
2664 FM 2054
Tennessee Colony, Texas 75886

U.S. District Court Southern District
of Texas
P.O. Box 2300
Galveston, Texas

75886

