# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

No. 3:18-cv-444

Jamie Lee Coker, TDCJ #01782357, Plaintiff,

v.

Dennis C. Gore, *et al.*, Defendants.

## ORDER

Jeffrey Vincent Brown, *United States District Judge*:

The plaintiff, Jamie Lee Coker, an inmate in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ), filed a civil-rights complaint under 42 U.S.C. § 1983. Dkt. 1. He alleges he was denied adequate medical care and that a correctional officer used force against him during his hospital discharge on May 4, 2017. In October 2021, defendants Melveric Player and B.J. Kimbrough filed a motion for summary judgment, which is currently pending. Several other motions are also pending, which the court addresses briefly below.

### A. Motions Requesting Appointment of Counsel

Coker has filed two motions requesting the appointment of counsel. *See* Dkts. 52, 61. There is no automatic right to appointment of counsel in a civil-rights

1/ 5

case. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982) (citations omitted). A district court may appoint counsel to advance the proper administration of justice in exceptional circumstances and where an indigent litigant has colorable claims that will not receive a meaningful hearing without counsel. *See* 28 U.S.C. § 1915(e)(1); *Naranjo v. Thompson*, 809 F.3d 793, 803 (5th Cir. 2015); *Ulmer*, 691 F.2d at 213. When deciding whether to appoint counsel, the court considers the type and complexity of the case, whether the indigent litigant can adequately investigate and present his case, and the level of skill required to present the evidence. *Baranowski*, 486 F.3d at 126. Coker claims that he has been denied adequate medical care and that a correctional officer used force against him during his hospital discharge. At this stage of the litigation, the case does not appear to be factually or legally complex, and Coker, who recently provided a response to the defendants' motion for summary judgment which cited relevant case law, has done a capable job representing himself thus far. Coker does not otherwise show that his claims will not receive a meaningful hearing without the benefit of counsel. The court finds that this is not an exceptional case involving complex legal issues that would justify the appointment of counsel at this time. Coker's motions will therefore be **denied**. As the case progresses, however, the court will revisit the issue on its own motion as necessary.

### B. Motion for Additional Time to Respond to MSJ

Coker has filed a motion requesting additional time to respond to the defendants' motion for summary judgment. Dkt. 56. Since the motion was filed, Coker has filed his response to the motion for summary judgment. *See* Dkt. 59. Thus, Coker's request for additional time to respond to the motion for summary judgment will be **denied as moot**.

### C. Motion to Seal

The defendants have filed a motion requesting to seal the motion for summary judgment and corresponding exhibits, stating that the documents either include or refer to Coker's confidential medical records, which may be protected under the Health Insurance Portability and Accountability Act of 1996 (HIPAA). *See* Dkt. 53. Coker has filed a response, requesting that the court deny the request to seal the summary-judgment motion and exhibits because, according to Coker, the summary-judgment motion "is simply to hide evidence that would prove TDCJ's responsibility for the actions of their employees, supervisors, and administrative officials." Dkt. 58. He states that "[t]here are many discrepancies in the defendants['] case including perjury and by sealing this evidence the public will never be aware of what really going on in these institutions of incarceration" and that he wants to "bring everything presented in this case into the light instead of hiding it behind a locked door." *Id.* The defendants have not filed a reply.

Exhibit B contains Coker's medical records, while Exhibit A consists of

Coker's grievance records. The motion for summary judgment itself refers to Coker's surgery that occurred at Hospital Galveston in February 2017 and his subsequent visit to Hospital Galveston in May 2017, as do other unsealed documents in the record. *See, e.g.*, Dkt. 1.

As the Fifth Circuit has recently affirmed, the public has a right of access to judicial records:

> The public has a common law right to inspect and copy judicial records. This right promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness, and serves as a check on the integrity of the system. The public's common law right of access is not absolute, however, and the common law merely establishes a presumption of public access to judicial records . . . . [T]he district court's discretion to seal the record of judicial proceedings is to be exercised charily.

*Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 224–25 (5th Cir. 2020) (cleaned up). Courts "should be ungenerous with their discretion to seal judicial records[.]" *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

In this case, because the motion and exhibits have been filed with the court and will affect the court's decision-making process, they are part of the judicial record to which the public presumptively has access. *See id.* at 419; *League of Women Voters of United States v. Newby*, 963 F.3d 130, 135–36 (D.C. Cir. 2020). The general arguments in the defendants' motion to seal do not present adequate justification to seal the MSJ itself and both of the exhibits.

The motion to seal (Dkt. 53) is granted in part as to Exhibit B (Dkt. 54-2)

and otherwise denied without prejudice. If appropriate, the defendants may file a renewed motion within 30 days of the date of this order identifying specific portions of the summary-judgment motion and exhibits that should be sealed because they may be protected under HIPAA. Alternatively, the defendants may request redactions for good cause in compliance with Federal Rule of Civil Procedure 5.2. If the defendants do not file a renewed request within the allotted time, the court will instruct the clerk to unseal Dkt. 54 and Dkt. 54-1.

\* \* \*

In summary, Coker's motions for appointment of counsel (Dkts. 52, 61) are **DENIED** at this time; the motion for additional time to respond to the defendants' motion for summary judgment (Dkt. 56) is **DENIED as moot**; and the defendants' motion to seal (Dkt. 53) is **GRANTED in part**.

The clerk shall provide a copy of this order to the parties.

Signed on Galveston Island this  22nd  day of   February           , 2022.

                                          JEFFREY VINCENT BROWN
                                    UNITED STATES DISTRICT JUDGE