# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| JAMIE LEE COKER, | § | |
| TDCJ #01782357, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:18-CV-444 |
| | § | |
| GEORGE KIMBROUGH, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S PROPOSED *VOIR DIRE* QUESTIONS

Plaintiff Jamie Lee Coker files his Proposed *Voir Dire* Questions pursuant to the Galveston District Court's Local Rule 10, and respectfully submits the following questions for examination of the venire:

1.  In this case, the plaintiff, Mr. Jamie Lee Coker, is bringing a claim against Mr. George Kimbrough based on a use-of-force event that he is claiming occurred at Hospital Galveston. Mr. Coker is currently an inmate with the Texas Department of Criminal Justice, or TDCJ. Does anyone have a bias or prejudice against Mr. Coker because is a prisoner?

2.  Because the plaintiff in today's case is an incarcerated person and the defendant is a former law enforcement officer, does anyone believe that the plaintiff starts a little behind the defendant? Why?

3.  Does anyone think that they would have a problem believing the testimony of an incarcerated person? If so, why?

4.  Do you generally have a mistrust or dislike towards those convicted of a crime?

5.  Does anyone believe that Mr. Coker, an inmate, has a higher burden to prove his case because he has previously been convicted of a crime?

6. Mr. Coker is seeking money damages in today's suit. Does anyone feel they could not award **any** amount of money for the violation of a Constitutional right? Why?

7. Does anyone feel they could not award **any** amount of money damages to a plaintiff who is incarcerated? Why?

8. Mr. George Kimbrough is a former correctional officer at the Texas Department of Criminal Justice. Does anyone think that because he is a law enforcement official, they are more likely to credit Mr. Kimbrough's testimony over Mr. Coker's?

9. Mr. Coker contends that his Eighth Amendment rights were violated during the incident with Mr. Kimbrough. Does anyone know or have previously heard about this particular incident?

10. Does anyone regularly support law enforcement or law enforcement causes or charities, either through financial contributions or otherwise?

11. Myself and my colleagues, Ms. Cassie Maneen and Mr. Alex Roberts, represent Mr. Coker in this lawsuit. We work for the law firm Beck Redden LLP in Houston. Does anyone know or recognize me or my colleagues, Ms. Maneen and Mr. Roberts? How? Is anyone familiar with our law firm, Beck Redden?

12. Has anyone ever worked as a law enforcement officer or have family members who are law enforcement officers? Does your position or relationship to someone else who may be in that position in any way affect your ability to sit as a juror and render a fair and impartial verdict in this case? Would you automatically give greater weight to the testimony of a law enforcement officer?

13. Has anyone ever worked for a security company? Received training on security?

14. Has anyone felt they were wronged by a law enforcement officer? What happened?

15. Has anyone ever had major surgery under general anesthesia? Did you expect the hospital staff to treat you with care?

16. Has anyone ever undergone medical treatment at UTMB? When? What was that experience like for you?

17. Has anyone ever experienced mistreatment by medical staff? If so, explain.

18. Does anyone work as a medical professional? Or as an EMT? What position? How long?

19. Is anyone currently employed or was previously employed by UTMB or Hospital Galveston?

20. I suspect Judge Brown will instruct you at the conclusion of the case about the law. Those instructions may provide that when an officer acts **without** a good-faith effort to maintain or restore discipline and instead acts "maliciously or sadistically," then that officer has used excessive force. Does anyone here believe that every action an officer takes is to maintain or restore discipline?

21. I also suspect Judge Brown will instruct you that to act "maliciously" means to unjustly act "with an intent to inflict injury" and to act "sadistically" means "to inflict pain on a person for one's own pleasure." Does anyone here believe that an officer, by virtue of their position, is incapable of acting "maliciously" or "sadistically"? Why?

22. Does anyone believe that those in positions of power are always entitled to use force against those that they manage under any circumstances? When would the use of force be justified? When would it be unjustified?

23. Have you ever been a plaintiff in any type of civil lawsuit? If so, please state what year, the type of claim or lawsuit, the outcome of the claim or lawsuit, and how that experience affects you and your ability to be fair and impartial in this case?

24. Has anyone filed suit due to a constitutional violation or was sued due to a constitutional violation? If so, explain. Does that opinion/position in any way affect your ability to sit as a juror and render a fair and impartial verdict in this case?

25. Do any of you have any feelings or beliefs that cause you at this point to be more sympathetic to either Mr. Coker or to Mr. Kimbrough? If yes, what are those feelings or beliefs?

26. Does anyone have training or experience in the practice of law? If so, what kind of training?

27. Who has previously served as a juror? Was it a civil or criminal case or court martial? Did you reach a verdict? Was anything about that service that would affect your ability to render a fair and impartial verdict in this case?

28. Is there anyone who really wants to serve as a juror in this case?

WHEREFORE, Plaintiff Jamie Lee Coker respectfully requests that the Court make the foregoing inquiries of the venire panel, permit their counsel to conduct limited voir dire, and for all other relief to which he is entitled.

Dated: November 9, 2023　　　　Respectfully submitted,

**BECK REDDEN LLP**

*/s/ Maryam Ghaffar*
Maryam Ghaffar
Texas State Bar No. 24120847
Federal I.D. No. 3710605
mghaffar@beckredden.com
Cassie R. Maneen
Texas State Bar No. 24120989
Federal I.D. No. 3610554
cmaneen@beckredden.com
Bennett J. Ostdiek
Texas State Bar No. 24122056
Federal I.D. No. 3811113
bostdiek@beckredden.com
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone No. (713) 951–3700
Facsimile No. (713) 951–3720
**ATTORNEYS FOR PLAINTIFF JAMIE LEE COKER (TDCJ#01782357)**

## CERTIFICATE OF SERVICE

　　The undersigned certifies that the foregoing document was served upon all counsel of record via email on October 24, 2023.

　　　　　　　　　　　　　　　　*/s/ Maryam Ghaffar*
　　　　　　　　　　　　　　　　Maryam Ghaffar