UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMIE LEE COKER, <br> TDCJ #01782357 <br><br> Plaintiff, <br> v. <br><br> GEORGE KIMBROUGH <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 3:18-CV-444 |

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND QUESTIONS

Plaintiff Jamie Lee Coker submits this memorandum of law in support of its proposed instruction on Excessive Force, and would show the Court as follows:

The sole remaining issue is whether the Defendant's use of force was excessive. The parties disagree as to the standard of "excessive force" with which to charge the jury. To resolve this dispute, the Court must decide whether the instruction given will come entirely from the Fifth Circuit's Pattern Jury Instructions or, as the Kimbrough proposes, deviate from the PJI by using cherry-picked case law to Coker's prejudice.



## ARGUMENT

The Fifth Circuit Pattern Jury Instructions, as well as several Fifth Circuit cases, define force as excessive if "it was done maliciously ***or*** sadistically to cause harm" (the "Disjunctive Standard"). Kimbrough asks the Court to deviate from the PJI and instruct the jury that force is excessive only if "it was done maliciously ***and*** sadistically to cause harm" (the "Conjunctive Standard"). *See* Dkt. 113 (Joint Proposed Jury Instructions) at 16 (emphases added).[1] The Court should reject this invitation to deviate from the PJI.

Nevertheless, should the Court choose to deviate from the PJI and use the Conjunctive Standard, the Court should make an analogous adjustment to the definition of "sadistically" to correspond to Fifth Circuit caselaw. That is, the Court should instruct the jury that "sadistically" means "engaging in excessive cruelty ***or*** delighting in cruelty."

### I. The Court should track the PJI's language and use the Disjunctive Standard.

The Court should reject Kimbrough's request to deviate from the PJI. The PJI states that the force used against a plaintiff is excessive if it was used "maliciously ***or*** sadistically." *See* Fifth Circuit, Pattern Jury Instructions (Civil Cases), Instruction § 10.7.[2] The Defendant's proposed language changes the disjunctive "or" to a conjunctive "and," forcing the jury to decide whether the Defendant used force "maliciously ***and*** sadistically." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992).

---

[1] The parties submitted a joint set of proposed jury instructions where differences are interlineated in respective colored text. Plaintiff's submissions are noted in red text and Defendant's are in blue.

[2] "Whether a use of force against a prison inmate is excessive depends on whether the force was applied in a good-faith effort to maintain or restore discipline, or whether it was done maliciously ***or*** sadistically to cause harm. If the force was used maliciously ***or*** sadistically to cause harm to Plaintiff [name], then it was excessive." (emphases added).

It is undisputed that while pattern charges are not binding, they provide district courts with a "safe harbor." *United States v. Cessa*, 856 F.3d 370, 377 (5th Cir. 2017); *see also id.* at 376 ("[A] district court does not err by giving a charge that tracks this Circuit's pattern jury instructions and that is a correct statement of the law." (citation omitted)). Adopting non-PJI language in this instance serves only to increase Coker's burden, especially when read in the conjunction with the PJI's definition of "malicious" and "sadistic." *See infra* Part II. The PJI has resolved this potential for explicitly placing a higher burden on plaintiffs by using the Disjunctive Standard.

Moreover, the Fifth Circuit regularly uses the disjunctive standard when considering the excessive force standard.[3] Indeed, the Fifth Circuit recently **altered a quote to make it conform to the PJI**, providing additional support for the general rule that the PJI's language for excessive force is appropriate. *See Waddleton v. Rodriguez*, 750 Fed. Appx. 248, 255 (5th Cir. 2018) ("The force 'was applied in a good-faith effort to maintain or restore discipline,' and not 'maliciously [or] sadistically to cause harm.'" (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)) (alteration by Fifth Circuit).

---

[3] *See, e.g.*, *White v. Coffield Med. Staff*, 2022 WL 1056103, at *2 (5th Cir. Apr. 8, 2022) ("[W]e hold that Sgt. Ellis did not act maliciously or sadistically, but instead engaged in a good-faith effort to restore discipline by bringing White, a resisting prisoner, under control. Therefore, Sgt. Ellis did not use excessive force in violation of White's rights under the Eighth Amendment."); *Jackson v. Hochberg*, 669 Fed. Appx. 274, 275 (5th Cir. 2016) ("As part of their efforts to restore order and ensure the safety of prisoners, the correctional officers separated and handcuffed the inmates, including inmates like Jackson, who had not been directly involved in the riot. Under the circumstances, the force used was applied in a good faith effort to restore discipline rather than maliciously or sadistically to cause harm."); *Benoit v. Bordelon*, 596 Fed. Appx. 264, 267 (5th Cir. 2015) ("An excessive force claim involves both objective and subjective elements. Five *Hudson* factors assist courts in determining the core question of whether force was applied maliciously or sadistically…." (citation omitted)); *Arceneaux v. Leger*, 251 Fed. Appx. 876, 878 (5th Cir. 2007) ("The core judicial inquiry in determining whether prison officials used excessive physical force is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously or sadistically cause harm.'").

3

The Fifth Circuit has signaled that use of the Disjunctive Standard is appropriate, and this Court should do the same.

II. **If the Court deviates from the PJI by using the Conjunctive Standard, then it should also adopt the Fifth Circuit's definition of "sadistic."**

Should the Court choose to deviate from the PJI by using the Conjunctive Standard, the Court should then modify the definition of "sadistic" to conform to Fifth Circuit precedent. Such a modification is necessary to prevent a constitutionally improper burden from being placed on the Plaintiff.

As currently written, the PJI's use of the disjunctive "or" coupled with the PJI's definitions for "malicious" and "sadistic" ensure that a plaintiff is only required to prove excessive force as required by the Eighth Amendment:

> 10.7 PATTERN JURY INSTRUCTIONS
>
> 2. Plaintiff [name] suffered some harm as a result of Defendant [name]'s use of force.[4,5]
>
> Whether a use of force against a prison inmate is excessive depends on whether the force was applied in a good-faith effort to maintain or restore discipline, or whether it was done maliciously **or** sadistically to cause harm.[6] If the force was used maliciously **or** sadistically to cause harm to Plaintiff [name], then it was excessive.
>
> To act "maliciously" means to intentionally do a wrongful act without just cause or excuse, with an intent to inflict injury, or under circumstances that show an evil intent. To act "sadistically" means to inflict pain on a person for one's own pleasure.

Per the PJI, sadistically means "to inflict pain on a person for one's own pleasure." *See* Pattern Jury Instructions § 10.7. When utilized in the context of the disjunctive "or," a plaintiff only must only prove *either* (1) an unjustified wrongful act with an intent to injure *or* (2) the infliction of pain for one's own pleasure. The PJI does not require an element of joy, mirth, or gratification for an excessive force claim.

4

However, when these definitions are combined with the Conjunctive Standard that Defendant is pressing (notably, a standard not in the PJI), the result is a nearly impossible burden on plaintiffs. If the law required plaintiffs to show (1) that the defendant acted both maliciously and sadistically and (2) defined acting "sadistically" as "to inflict pain on a person for one's own pleasure," then almost no excessive force plaintiff would ever prevail.

Fortunately, the law does not place this high a burden on excessive-force plaintiffs. The Fifth Circuit regularly upholds excessive force claims in cases where there is no indication that the defendant took "pleasure" in the force that they used.[4]

These cases are consistent with the Fifth Circuit's definition of "sadism." The Fifth Circuit has defined "sadism" to include not only "delight in physical or mental cruelty" but also "the use of 'excessive cruelty.'" *United States v. Lyckman*, 235 F.3d 234, 238 n.19 (5th Cir. 2000) (quoting Webster's Third New International Dictionary (unabridged) 1997-98 (1986));[5] *see also* 3B Fed. Jury Prac. & Instr. § 166:33 (6th ed.) (defining "sadistically" as "engaging in extreme or excessive cruelty **_or_** delighting in cruelty.") (emphasis added); *Howard v. Barnett*, 21 F.3d 868, 872 (8th Cir. 1994) ("[O]ne acts 'sadistically' by engaging in extreme or excessive cruelty **_or_** by delighting in cruelty.").

Notably, neither Kimbrough nor the PJI cites any authority in support of their definition of "sadistically." However, district courts in Texas using the PJI's definition—

---

[4] *See, e.g., Cowart v. Erwin*, 837 F.3d 444, 453-54 (5th Cir. 2016); *Johnson v. Hankins*, 582 Fed. Appx. 306, 307-08 (5th Cir. 2014); *Payne v. Parnell*, 246 Fed. Appx. 884, 887-88 (5th Cir. 2007); *Flowers v. Phelps*, 956 F.2d 488, 489-91 (5th Cir. 1992).

[5] The definition of sadism also includes "the infliction of pain upon a love object as a means of obtaining sexual release." *Lyckman*, 235 F.3d at 238 n.19. However, the sexual aspect of sadism is not relevant to this case since it does not involve sexual misconduct.

"to inflict pain on a person for one's own pleasure"—tend to cite two cases from the Third and Eighth Circuits. *See, e.g.*, *Adams v. Cantwell*, 2022 WL 4091967, at *10 (E.D. Tex. Aug. 2, 2022), *report and recommendation adopted*, 2022 WL 4082471 (E.D. Tex. Sept. 6, 2022) ("'Sadistically' means to inflict pain upon another for one's own pleasure." (citing *Douglas v. Owens*, 50 F.3d 1226, 1232-33 & n.13 (3rd Cir. 1995); *Parkus v. Delo*, 135 F.3d 1232, 1234 (8th Cir. 1998)). But ironically, the Third and the Eighth Circuits both require only a showing that the defendnat acted with *either* "excessive cruelty" *or* "delight in cruelty." *See* Third Circuit Model Jury Instructions § 4.10 ("In order to establish [his/her] claim for violation of the Eighth Amendment, [plaintiff] must prove that [defendant] used force against [him/her] maliciously …. When I use the word 'maliciously,' I mean intentionally injuring another, without just cause or reason, and doing so with excessive cruelty **_or_** a delight in cruelty.") (emphasis added); Eighth Circuit Manual of Model Jury Instructions § 4.42 ("'Sadistically' means engaging in extreme or excessive cruelty **_or_** delighting in cruelty.") (emphasis added). Accordingly, the out-of-circuit caselaw on which the PJI apparently relies actually supports Coker's proposed definition of "sadistically."

Of course, the easiest way to avoid this whole issue is to follow the PJI's excessive force instruction verbatim. As explained above, the PJI only requires excessive force plaintiffs to show that the defendant acted *either* maliciously **_or_** sadistically. If the Court instructs the jury using the PJI's Disjunctive Standard, then Coker has no objection to the PJI's definition of "sadistically." However, if the Court decides to deviate from the PJI by adopting the Conjunctive Standard, then the Court should also alter the PJI's definition of

6

"sadistically" in order to conform the definition to Fifth Circuit precedent.[6] Specifically, the Court should follow *Lyckman* and instruct the jury that to act sadistically means "engaging in excessive cruelty **or** delighting in cruelty."

## CONCLUSION

The Court should maintain uniformity throughout the jury charge and use the language provided by the Pattern Jury Instructions. Should the Court adopt the Conjunctive Standard by using the language "maliciously **and** sadistically," then it should also adopt Coker's proposed definition of "sadistically," which conforms with Fifth Circuit caselaw.

There is no reason to utilize piecemeal portions of the PJI for some instruction, but then cherry-pick from caselaw for others. This is a proposition in consistency that is fair to the parties and better reflects the state of the law on this issue.

---

[6] At a bare minimum, if the Court adopts the Conjunctive Standard and rejects Coker's proposed definition of "sadistically," the Court should instruct the jury that "to act 'sadistically' means to inflict pain on a person for one's own pleasure *or satisfaction*." The addition of the words "or satisfaction" to this definition would help clarify for the jury that the defendant can be found liable even if he did not express joy or mirth while using force against Coker and is consistent with the definition of "pleasure," which means "enjoyment, happiness, or satisfaction." See PLEASURE, Cambridge English Dictionary, https://dictionary.cambridge.org/us/dictionary/english/pleasure.

Dated: November 9, 2023           Respectfully submitted,

                                      **BECK REDDEN LLP**

                                    */s/ Maryam Ghaffar*
                                    Maryam Ghaffar
                                    Texas State Bar No. 24120847
                                    Federal I.D. No. 3710605
                                    mghaffar@beckredden.com
                                    Cassie R. Maneen
                                    Texas State Bar No. 24120989
                                    Federal I.D. No. 3610554
                                    cmaneen@beckredden.com
                                    Bennett J. Ostdiek
                                    Texas State Bar No. 24122056
                                    Federal I.D. No. 3811113
                                    bostdiek@beckredden.com
1221 McKinney St., Suite 4500
Houston, Texas 77010-2010
Telephone No. (713) 951–3700
Facsimile No. (713) 951–3720

**Attorneys For Plaintiff Jamie Lee Coker**

# CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon all counsel of record via email on November 9, 2023.

                                                          */s/    Maryam Ghaffar*
                                                               Maryam Ghaffar